BEER, Judge.
On January 4, 1966, Acres, Inc. sold certain lots to Viking Homes, Inc. Acres was paid by promissory notes amounting to $272,550.00, secured by a vendor’s lien. On April 1, 1966, Viking executed a collateral mortgage in favor of New Orleans Mortgage Company, Inc. to secure two notes, one for $438,460.25 and the other for $569,-182.58. Shortly thereafter, on April 5,1966, Acres, Inc. subordinated its vendor’s lien on the lots to the collateral mortgage held by New Orleans Mortgage. Viking defaulted, and New Orleans Mortgage foreclosed. The property was seized, and, at the judicial sale on July 17, 1968, New Orleans Mortgage successfully bid it in for $800,000.00, “subject to the outstanding water, paving and sewerage liens which applied against the property.”
As of the date of the judicial sale, Viking owed New Orleans Mortgage $481,286.44. The proces verbal which transferred title to New Orleans Mortgage included the condition that it apply the balance to the vendor’s lien. Acres alleges that the balance should be applied against the vendor’s lien before satisfying outstanding water, paving and sewerage liens ($686,710.69). New Orleans Mortgage filed an exception of no cause of action which was maintained and now forms the basis for this appeal. The provision in the Sheriff’s proces verbal, on which Acres bases its contention, reads as follows:
“The purchaser herein buys the herein described property subject to the Water, Paving and Sewerage Liens. The balance to be retained and applied to the vendor’s lien.”
Although this wording, in and of itself, may appear to be ambiguous, the uncontested act of subordination by Acres is the material consideration.
Book IV of the Louisiana Code of Civil Procedure (1960), entitled “Execution of Judgments,” states the germane principles. Fortier v. Fortier, 200 So.2d 901 (La.App. 4th Cir., 1967), writs ref., 251 La. 59, 202 So.2d 661, carries those principles into practical application:
“In judicial sales in Louisiana the sheriff shall announce that the property is to be sold for cash subject to any mortgage, lien or privilege thereon superior to that of the seizing creditor. C.C.P. 2335. If there is a mortgage, lien or privilege on the property superior to that of the seizing creditor, the purchaser shall pay to the sheriff only that portion of the sale price which exceeds the amount of the superior mortgage, lien or privilege. C.C.P. art. 2374. Said articles accord with articles 679 and 683 of the late Code of Practice. Our law requires that at a judicial sale the purchaser shall bid for the full value of the property with the right to retain in his hands out of said price sufficient money to pay mortgages, liens and privileges superior to that of the seizing creditor. * * * At any rate, ... it becomes incumbent upon the adjudicatee to pay up superior mortgages, liens and privileges in order to perfect an unencumbered title to the property.”
In a judicial sale, the property is sold subject to any real charge with which it is burdened, superior to the mortgage of the seizing creditor. LSA-C.C.P. Art. 2372. *336 Since the relevant facts are not in dispute, the trial court correctly determined Acres, Inc. was without a cause of action. The judgment is affirmed at appellant’s cost.

AFFIRMED.